UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEBRA S. PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAMS & FUDGE, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO.5:18-cv-00532<br><br>JURY DEMAND |

## **COMPLAINT**

NOW comes DEBRA S. PEREZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of WILLIAMS & FUDGE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

1

**PARTIES**

4. Plaintiff is a 47 year old nature person residing in San Antonio, Texas, which lies within the Western District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency that "aid[s] colleges and universities in the recovery of education-related receivables."[1] Defendant is a corporation organized under the laws of the state of South Carolina with its principal place of business located at 300 Chatham Avenue, Rock Hill, South Carolina.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") said to be owed by Plaintiff's daughter.

10. Upon belief, the subject debt stems from education Plaintiff's daughter, Tatiana, received from the Art Institute.

11. In approximately early 2018, Plaintiff began receiving calls to her cellular phone, (830) XXX-2881, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2881. Plaintiff is and always has been responsible for the cellular phone and its services.

---

[1] https://www.wfcorp.com/about/philosophy-history-and-office/

13. Defendant primarily uses the phone number (210) 907-7979 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

14. Upon information and belief, the above referenced phone number ending in 7979 is regularly utilized by Defendant during its debt collection activity.

15. Upon answering calls from Defendant, Plaintiff experience a noticeable pause, lasting a few seconds in length, before being connected to a live representative.

16. When Plaintiff spoke with Defendant, she was informed that it was calling to collect upon the subject debt said to be owed by Tatiana.

17. Plaintiff advised Defendant of the difficult financial situation her and her family were in as a result of identity theft issues as well as a car crash that impacted her family.

18. Plaintiff further advised Defendant that she and her family wanted to address the subject debt, but that they were unable to do so due to financial constraints.

19. Notwithstanding this information and Plaintiff's sincere desire to address the subject debt, Defendant continued placing repeated and harassing phone calls to Plaintiff's cellular phone.

20. As a result of Defendant's harassing phone calls, Plaintiff demanded that Defendant stop calling her cellular phone.

21. Notwithstanding Plaintiff's demands, Defendant continued calling Plaintiff to collect upon the subject debt up until the filing of the instant action.

22. Plaintiff has received not less than 25 phone calls from Defendant since Plaintiff demanded that it stop calling her cellular phone.

23. Defendant has even frequently placed multiple phone calls to Plaintiff's cellular phone on the same day attempting to collect upon the subject debt.

24. For example, on May 2, 2018, Defendant placed 6 phone calls to Plaintiff's cellular phone, including several phone calls within seconds of one another.

25. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding her rights, resulting in expenses.

26. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions. Plaintiff suffers from anxiety and several other health issues. Defendant's conduct and the stress caused therefrom has greatly worsened Plaintiff's various afflictions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phones, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692b & c(b)

33. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Further, under § 1692b(2), a debt collector cannot "state that [a] consumer owes any debt." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."  Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

34. Defendant violated §1692b, b(2), b(3), and c(b) through the numerous contacts and conversations it had with Plaintiff seeking to collect upon a debt said to be owed by her daughter Tatiana. Plaintiff explicitly demanded that Defendant stop calling her cellular phone. Defendant had more than enough information to know that the number it was calling did not belong to Tatiana and that Plaintiff did not want to receive phone calls. Armed with this information, Defendant still continued to call Plaintiff's cellular phone repeatedly without her consent. Additionally, on these phone calls, Defendant provided Plaintiff with information about the subject debt in violation of the FDCPA.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

35. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 25 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone despite her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

37. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

    c. **Violations of the FDCPA § 1692e**

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Through its phone calls to Plaintiff, Defendant repeatedly contacted Plaintiff even though she demanded that it stop calling. Nevertheless, Defendant called Plaintiff at least 25 times in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue placing calls to her cellular phone via an automated system when it did not have consent to do so.

    **d. Violations of FDCPA § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff over 25 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing repeated phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

43. As pled in paragraphs 22 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DEBRA S. PEREZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 each as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiffs repeat and reallege paragraphs 1 through 43 as though fully set forth herein.

45. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

46. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting a few seconds in length, that Plaintiff experiences during answered calls from Defendant before being connected to a live representative is instructive that an ATDS was being utilized to generate the phone calls. Further, the multiple phone calls Plaintiff would receive on the same day in short succession further demonstrates Defendant's use of an ATDS. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

47. Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone. Any consent Defendant *may* have had to contact Plaintiff was specifically revoked by Plaintiff's demands that Defendant cease contacting her.

48. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

49. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DEBRA S. PEREZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 31, 2018                                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                   Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiffs                                           Counsel for Plaintiffs
Admitted in the Western District of Texas        Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200               2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            thatz@sulaimanlaw.com